# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALONZO TONY WATSON, | ) |
| Plaintiff, | ) No. 3:11-cv-00231 |
| | ) Judge Campbell |
| v. | ) |
| STATE OF TENNESSEE, et al., | ) |
| Defendants. | ) |

## O R D E R

Plaintiff Alonzo Tony Watson, proceeding *pro se*, has filed a complaint (Docket No. 1), an application for leave to proceed *in forma pauperis* (Docket No. 2), and a motion to appoint counsel (Docket No. 3).

On March 29, 2011, the court entered a deficiency order alerting the plaintiff that (1) his complaint was not signed as required by Federal Rule of Civil Procedure 11(a); and (2) if the plaintiff was a prisoner,[1] his application to proceed as a pauper was defective because the application did not include a signature of the authorized custodian of prison account that has been "properly notarized" as per Administrative Order No. 93, nor had the plaintiff provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). (Docket No. 5 at p.1).

The court directed the plaintiff to sign and return his original complaint with his signature and do one of the following within thirty (30) days of service of the court's order: (1) either pay the

---

[1] As the court noted in its prior order, it is unclear whether the plaintiff is currently incarcerated. (Docket No. 5 at p. 1).

full three hundred fifty dollar ($350.00) filing fee; or (2) submit a properly completed application to proceed *in forma pauperis* to the court. (*Id.*)

The court expressly warned the plaintiff that if he did not comply with the court's order within the time frame specified, the court would be required under the law to presume that he is not a pauper, assess the full amount of the filing fee, and dismiss the action for want of prosecution. (Docket No. 5 at p. 2). The court also informed the plaintiff that he could request an extension of time to comply with the court's order if he filed a motion for an extension of time within thirty (30) days of the date of entry of the court's order. (*Id.*)

The copy of the court's order – mailed to the plaintiff on March 30, 2010 – was returned to the court as undeliverable on April 4, 2011. (Docket Nos. 7 and 8). On April 19, 2011, the court corrected the plaintiff's address and resent the court's prior order (Docket No. 5) to the plaintiff. On April 25, 2011, the court received the certified mail receipt indicating that "Crystal Howard" had signed for and received the court's order on April 21, 2011. (Docket No. 10).

Even using April 21, 2011, as the date from which to begin counting the thirty (30) within which the plaintiff was ordered to respond, the plaintiff has not complied with the court's prior order in a timely manner. Therefore, this action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the orders of the court, and for want of prosecution. Rule 41(b), Fed. R. Civ. P.; *see Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to appeal the judgement of the court *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED.**

*Todd Campbell*
Todd J. Campbell
United States District Judge